[No. 9845-4-I.   Division One.   August 2, 1982.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES
WILLIAM INGLIS, *Appellant*.

*Timothy McGarry* of *Eastside Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Alvin Littles* and *Mark Sidran, Deputies*, for respondent.

SWANSON, J.—James W. Inglis, Jr., appeals a juvenile

court disposition order finding him guilty of the felony of promoting prostitution in the second degree pursuant to RCW 9A.88.060 and RCW 9A.88.080. The essential facts of the case are undisputed. Inglis' only assignment of error challenges the imposed penalty as a violation of equal protection.

Both the Washington Criminal Code (RCW 9A.88.080) and the Seattle Municipal Code (12A.12.050 (1973))[1] declare the identical acts of promoting prostitution to be crimes.[2] The former law makes the crime a class C felony while the latter makes it a misdemeanor. The only distinction then between the two laws is the penalty imposed. Because Inglis' conduct leading to the charge of promoting prostitution occurred in Seattle, the State could have charged him under either the Washington Criminal Code or the Seattle Municipal Code.[3] Thus, Inglis alleges that the State denied him equal protection of the law[4] by prosecuting him for a felony offense under RCW 9A.88.080 instead of for a misdemeanor under Seattle Municipal Code 12A.12.050.

A municipality such as Seattle may make and enforce within its territorial limits local police regulations which are not in conflict with general laws. Const. art. 11, § 11. A municipality may exercise its police power only in conformity with general laws and state public policy as declared by the Legislature so that a conflicting municipal ordinance must yield when the State has asserted its juris-

---

[1]The ordinance is now codified as Seattle Municipal Code 12A.10.030 (1980).

[2]The State concedes the elements of both laws are identical. Convictions under both laws for the same alleged offense would violate double jeopardy prohibitions. *State v. Roybal,* 82 Wn.2d 577, 580, 512 P.2d 718 (1973).

[3]Juvenile court has jurisdiction over offenses committed by persons under 18 years of age. RCW 13.04.030(6); RCW 13.40.020(10). The county prosecutor is a party to all juvenile court proceedings. RCW 13.40.090.

[4]Inglis relies on *State v. Zornes,* 78 Wn.2d 9, 475 P.2d 109 (1970) and *Olsen v. Delmore,* 48 Wn.2d 545, 295 P.2d 324 (1956).

diction over given subject matter. *Yakima v. Gorham,* 200 Wash. 564, 566, 94 P.2d 180 (1939). Nevertheless, a municipal ordinance may prohibit or punish the same acts which constitute an offense under state law provided that the ordinance does not conflict with the state law or that the state law on its face does not show it was intended to be exclusive. *State v. Seattle,* 94 Wn.2d 162, 166, 615 P.2d 461 (1980); *State v. Ensminger,* 77 Wn.2d 535, 540–41, 463 P.2d 612 (1970); *Bellingham v. Schampera,* 57 Wn.2d 106, 109, 356 P.2d 292, 92 A.L.R.2d 192 (1960). We should look to the legislative intent including the purposes for the legislative enactment to resolve any conflict. *Lenci v. Seattle,* 63 Wn.2d 664, 669, 388 P.2d 926 (1964).

■ Through the Juvenile Justice Act of 1977, the Legislature established a comprehensive, uniform system for dealing with juvenile offenders. RCW 13.40.010(2); *State v. Bird,* 95 Wn.2d 83, 91–93, 622 P.2d 1262 (1980) (Dolliver, J., dissenting). *See generally* Becker, *Washington State's New Juvenile Code: An Introduction,* 14 Gonz. L. Rev. 289 (1978). Recently, the Legislature emphasized unmistakably that the act was "the exclusive authority for the adjudication and disposition of juvenile offenders except where otherwise expressly provided." RCW 13.04.450, Laws of 1981, ch. 299, § 20, p. 1360. This uniform treatment includes sentencing of juvenile offenders in accordance with disposition standards proposed by the Juvenile Disposition Standards Commission. RCW 13.40.030. These disposition standards establish a system of punishment specifically tailored to juvenile offenses.[5] The Legislature intended the system to be uniform and predictable in handling juvenile offenses.

■ Therefore, we hold that the Seattle municipal ordinance defining the crime of promoting prostitution (12A.12.050 (1973)) must yield to the state statute RCW

---

[5]The juvenile court may impose a disposition outside the established standard range only on entering findings that a disposition within the standard range would effectuate a manifest injustice. RCW 13.40.160.

9A.88.080 as applied to juvenile offenders because the Seattle ordinance is not in conformity with state public policy as declared by the Legislature in the Juvenile Justice Act of 1977 and because the ordinance in question conflicts with the penalty provided by the state law. *Cf. State ex rel. Farmer v. Edmonds Municipal Court,* 27 Wn. App. 762, 765–67, 621 P.2d 171 (1980), *review denied,* 95 Wn.2d 1016 (1981) (legislative intent to create integrated, consistent court system in RCW 3.30–3.74 precluded creation of Edmonds police court pursuant to RCW 35A.20). Consequently, there is no violation of equal protection in this case where the State prosecuted pursuant to the Juvenile Justice Act of 1977.

The judgment is affirmed.

CALLOW and RINGOLD, JJ., concur.

Reconsideration denied September 14, 1982.