[No. 48372–8.   En Banc.   October 28, 1982.]

THE TOWN OF REPUBLIC, *Petitioner,* v. WILLIAM
L. BROWN, *Respondent.*

*Richard A. Perry,* for petitioner.

*John O. McLendon* and *Bruce A. Kaiser,* for respondent.

DORE, J.—In 1969, the Town of Republic passed ordinance 180, making "driving while intoxicated" (DWI) within the town of Republic a criminal offense. This ordinance adopted by reference the state statute, RCW 46.61.506,[1] which created a presumption that a person with a .10 percent or greater blood alcohol content was under the influence of intoxicating liquor, but provided for a discretionary jail sentence.

In 1979, the Legislature amended RCW 46.61.506, making a person with .10 percent blood alcohol conclusively *guilty* of being under the influence, and requiring a mandatory 1–day jail sentence. These substantive provisions were recodified at RCW 46.61.502. The Town of Republic did

---

[1]RCW 46.61.506 provided in part:

"(1) It is unlawful for any person who is under the influence of or affected by the use of intoxicating liquor or of any narcotic drug to drive or be in actual physical control of a vehicle within this state.

"(2) Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of his blood, breath or other bodily substance shall give rise to the following presumptions:

"(a) If there was at that time 0.05 percent or less by weight of alcohol in the person's blood, it shall be presumed that he was not under the influence of intoxicating liquor.

"(b) If there was at that time in excess of 0.05 percent but less than 0.10 percent by weight of alcohol in the person's blood, such fact shall not give rise to any presumption that the person was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining whether the person was under the influence of intoxicating liquor.

"(c) If there was at that time 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that he was under the influence of intoxicating liquor.

"(d) Percent by weight of alcohol in the blood shall be based upon milligrams of alcohol per one hundred cubic centimeters of blood.

"(e) The foregoing provisions of this section shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether the person was under the influence of intoxicating liquor."

not pass a new ordinance which recognized this change in the state statute. Republic's ordinance, therefore, no longer referred to the state statute prohibiting driving while under the influence of intoxicating liquor, RCW 46.61.502.

On January 2, 1980, defendant William Brown was arrested by the deputy marshal of the Town of Republic and charged with "driving while intoxicated, RCW 46.61-.506". The Breathalyzer test showed Brown's alcohol level was .12 percent. He was convicted in the municipal court for the Town of Republic. On appeal, he was also found guilty in Ferry County Superior Court after a de novo trial.

The Court of Appeals reversed Brown's conviction, ruling that the crime of DWI, as defined by the ordinance under which Brown was convicted, conflicted with the crime as now defined under RCW 46.61.502. This appeal raises two issues: (1) was ordinance 180 still in existence after the 1979 amendment of RCW 46.61.506; and, (2) if so, does ordinance 180 conflict with RCW 46.61.502 to such an extent that the Republic ordinance is unconstitutional and invalid? For the reasons stated below, we affirm the Court of Appeals.

I

We must first consider the question of whether ordinance 180 still existed subsequent to the 1979 amendment of RCW 46.61.506. The Town of Republic did not amend the ordinance to incorporate the new provisions in RCW 46.61.502 and the ordinance did not provide for amendment as incorporated sections were amended. The Republic ordinance must, therefore, be interpreted under the standard set forth in *Pacific First Fed. Sav. & Loan Ass'n v. Pierce Cy.*, 27 Wn.2d 347, 355, 178 P.2d 351 (1947), which we recently quoted in *Jenkins v. Bellingham Municipal Court*, 95 Wn.2d 574, 627 P.2d 1316 (1981) as follows:

> *The general rule is that, when a statute is adopted by specific descriptive reference, the adoption takes the statute as it exists at that time, without subsequent amendments;* but, when the language of the adopting act evidences legislative intent to include subsequent

amendments, courts will give effect to that intent, and the adopted act, and the amendments thereto, or changes therein, will be held to be within the meaning of the adopting act and to govern the subject matter thereof. *Trimmier v. Carlton,* 116 Tex. 572, 296 S. W. 1070.

(Italics ours.) *See also* 6 E. McQuillin, *Municipal Corporations* § 21.43 (3d rev. ed. 1980). Under this rule, ordinance 180, therefore, contains the substance of RCW 46.61.506 as it existed at the time it was incorporated into the ordinance.

Although we agree with the result reached by the Court of Appeals, that court's analogy to *Jenkins* is misplaced. In *Jenkins,* the City of Bellingham had adopted the Washington Model Traffic Ordinance (Model Ordinance), which incorporated RCW 46.61.506 by reference. Although the Model Ordinance provides for automatic amendment of city ordinances which have adopted the Model Ordinance by reference, there is no provision for incorporation of *additions* unless such additions are contained in sections which have been incorporated into the Model Ordinance. In 1979, the Legislature added to RCW 46.61.502 the provisions making a person with .10 percent blood alcohol conclusively guilty of being under the influence, and requiring a mandatory 1–day jail sentence. The Legislature failed to incorporate these additions into the Model Ordinance until a year after enactment, leaving Bellingham without a DWI prohibition during this yearlong hiatus. The Republic ordinance, on the other hand, remained operative at the time RCW 46.61.506 was amended, as there were no specific amendatory provisions contained in the ordinance. The Court of Appeals erred in concluding that Republic was in a position analogous to Bellingham at the time RCW 46.61.506 was amended.

Under the general rule quoted above in *Jenkins,* Brown was charged with a violation of RCW 46.61.506 as it existed at the time of its incorporation into ordinance 180. This conviction is valid unless the ordinance conflicts with the state law. We must, therefore, go a step further and com-

pare the requirements of the former RCW 46.61.506 to the requirements of the current RCW 46.61.502 to determine if a conflict exists. If so, the state DWI statute will take precedence over the Republic ordinance.

## II

■ Cities may enact ordinances prohibiting conduct which constitutes a crime under state law as long as the city ordinance does not "conflict with" the general laws of the state and the state law does not show on its face an intent to be exclusive. *Bellingham v. Schampera,* 57 Wn.2d 106, 356 P.2d 292, 92 A.L.R.2d 192 (1960). The *Schampera* court enunciated this test for determining when such a "conflict" exists:

> """In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa." Judged by such a test, an ordinance is in conflict if it forbids that which the statute permits'.

> ""The statute, as well as the ordinance, in the case at bar, is prohibitory, and the difference between them is only that the ordinance goes farther in its prohibition— but not counter to the prohibition under the statute. The city does not attempt to authorize by this ordinance what the Legislature has forbidden; nor does it forbid what the Legislature has expressly licensed, authorized, or required. * * * Unless legislative provisions are contradictory in the sense that they cannot coexist, they are not to be deemed inconsistent because of mere lack of uniformity in detail.

(Citations omitted.) *Schampera,* at 111.

More recently, this court defined the test for such a conflict as follows:

> No real conflict can exist unless the ordinance declares something to be right which the state law declares to be wrong, or vice versa. There can be no conflict unless one authority grants a permit or license to do an act which is forbidden or prohibited by the other.

*Seattle Newspaper–Web Pressmen's Local 26 v. Seattle,* 24 Wn. App. 462, 469, 604 P.2d 170 (1979), quoting *Struthers*

*v. Sokol*, 108 Ohio St. 263, 140 N.E. 519 (1923).

We find, under the standard set forth above, that there is a conflict between the incorporated language of ordinance 180 and RCW 46.61.502. Under ordinance 180, if the blood alcohol level is .10 percent or greater, the person is *presumed* to be under the influence of liquor. On the contrary, RCW 46.61.502 provides a person is *guilty* of driving under the influence of alcohol if his blood alcohol level is .10 percent or greater. Additionally, RCW 46.61.515 provides a mandatory 1–day jail sentence which cannot be suspended or deferred. This sentence is *not* mandatory under ordinance 180. The Republic ordinance conflicts with the state statute by permitting behavior in these two important provisions which are forbidden by the statute.[2]

We hold ordinance 180 unconstitutional. We affirm the Court of Appeals reversal of Brown's conviction.

BRACHTENBACH, C.J., and ROSELLINI, UTTER, DOLLIVER, WILLIAMS, DIMMICK, and PEARSON, JJ., concur.

STAFFORD, J. (concurring)—I concur with the result reached by the majority. I do so for other reasons, however.

The analysis in part I of the majority opinion correctly concludes that ordinance 180 continued to exist subsequent to the 1979 amendment of RCW 46.61.506. I disagree with the analysis found in part II of the majority opinion, however. Ordinance 180 does not conflict with RCW 46.61.506. While ordinance 180 and RCW 46.61.502 are not identical, they can coexist. *See Bellingham v. Schampera*, 57 Wn.2d 106, 356 P.2d 292, 92 A.L.R.2d 192 (1960).

Under ordinance 180, if the blood alcohol level of an accused is 0.10 percent or greater, that person is presumed to be under the influence of alcohol, whereas under RCW 46.61.502, the accused is in fact guilty of driving while under the influence. In both instances, the State must prove beyond a reasonable doubt defendant had a blood

---

[2]Because of our resolution of this issue, we find it unnecessary to address the possible equal protection issues which this case presents.

alcohol level of 0.10 percent or greater, and in both instances the defendant has the opportunity to rebut the accuracy of the 0.10 percent reading through expert and lay testimony. *See State v. Franco,* 96 Wn.2d 816, 828–29, 639 P.2d 1320 (1982). Thus, although ordinance 180 speaks in terms of presumption of guilt and RCW 46.61.502 speaks in terms of ultimate guilt, the two enactments in effect are quite similar.

Contrary to the majority opinion, ordinance 180 does not permit what RCW 46.61.502 prohibits. Since no real conflict exists, I disagree with the majority's analysis that ordinance 180 is unconstitutional under *Schampera. See Schampera,* at 111; *Seattle Newspaper–Web Pressmen's Local 26 v. Seattle,* 24 Wn. App. 462, 604 P.2d 170 (1979).

I do find that ordinance 180 is unconstitutional on other grounds, however. It fails to provide a defendant with adequate notice of the meaning and application of that law. *See State v. White,* 97 Wn.2d 92, 99, 640 P.2d 1061 (1982); *see also Papachristou v. Jacksonville,* 405 U.S. 156, 31 L. Ed. 2d 110, 92 S. Ct. 839 (1972); *Bellevue v. Miller,* 85 Wn.2d 539, 536 P.2d 603 (1975). Ordinance 180 adopted RCW 46.61.506 by specific reference and by means of that act the statute was adopted as it *appeared at the time of adoption. Pacific First Fed. Sav. & Loan Ass'n v. Pierce Cy.,* 27 Wn.2d 347, 355, 178 P.2d 351 (1947). At the time ordinance 180 was enacted, RCW 46.61.506 made it unlawful to drive a motor vehicle while under the influence of alcohol and established a presumption that one who had a 0.10 percent blood alcohol level was under the influence of alcohol. In 1979, the Legislature amended RCW 46.61.506 to the extent that it no longer defined the offense of driving while under the influence of alcohol. Rather, it referred to the type of evidence necessary to prove the offense. The crime of driving while under the influence of alcohol is now defined by RCW 46.61.502. As a result when one reads the ordinance and is directed to RCW 46.61.506 he is referred to evidence used in establishing the offense rather than to a definition of the offense itself. Thus, although the Town of

Republic technically has an ordinance making criminal the act of driving while under the influence of alcohol, the ordinance fails to provide adequate notice of the conduct that is proscribed.

For these limited reasons the ordinance is unconstitutional.