[Nos. 15841-4-I; 16123-7-I.   Division One.   November 10, 1986.]

THE STATE OF WASHINGTON, *Appellant,* v. DWAYNE DUNCANLEE RABON, *Respondent.*

THE STATE OF WASHINGTON, *Appellant,* v. DOUGLAS EDWARD BISHOP, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Susan J. Noonan, Deputy,* for appellant.

*Paris K. Kallas* of *Washington Appellate Defender Association* and *John Bookston* of *Seattle–King County Public Defender Association,* for respondents.

GROSSE, J.—The State of Washington appeals from orders dismissing informations which charged two juveniles with violations of Seattle Municipal Code 12A.14.080, prohibiting the knowing possession of chako sticks. The State contends that these juvenile defendants have not met their burden of showing that Seattle Municipal Code 12A.14.080 is unconstitutional.

Bishop and Rabon were charged by information with unlawful possession of chako sticks in violation of Seattle Municipal Code 12A.14.080. Prior to trial each moved for a dismissal of the charge against him alleging that Seattle Municipal Code 12A.14.080 is unconstitutional. The trial court granted the motion to dismiss, finding the Seattle ordinance in conflict with RCW 9.41.270.[1]

█ Article 11, section 11 of the Washington State Constitution delegates to the City of Seattle the power to "make and enforce within its limits all such local police, sanitary and other regulations *as are not in conflict with*

---

[1]Seattle Municipal Code 12A.14.080 provides in pertinent part:

"It is unlawful for a person knowingly to:

"A. Sell, manufacture, purchase, possess or carry any blackjack, sand–club, metal knuckles, switchblade knife, chako sticks, or throwing stars; . . ."

RCW 9.41.270 provides in pertinent part:

"(1) It shall be unlawful for anyone to carry, exhibit, display or draw any firearm, dagger, sword, knife, or other cutting or stabbing instrument, club, or any other weapon apparently capable of producing bodily harm, in a manner, under circumstances, and at a time and place that either manifests an intent to intimidate another or that warrants alarm for the safety of other persons.

"(2) Any person violating the provisions of subsection (1) above shall be guilty of a gross misdemeanor."

*general laws.*" (Italics ours.) Bishop and Rabon allege two grounds for holding the statute to be unconstitutional: the State has preempted the field of juvenile law, and the ordinance conflicts with existing state law. Bishop and Rabon have the burden of proving that Seattle Municipal Code 12A.14.080 is unconstitutional beyond a reasonable doubt. *Bellevue v. State*, 92 Wn.2d 717, 600 P.2d 1268 (1979). We hold that Bishop and Rabon have not met their burden of showing the ordinance to be unconstitutional on either ground.

Bishop and Rabon claim that the Juvenile Justice Act of 1977 preempts the City of Seattle in juvenile offenses. RCW 13.04.450 contains language of preemption. However reading RCW 13.04.450 in conjunction with RCW 13.40.010, which purports to state the legislative intent for the Juvenile Justice Act of 1977, confirms our interpretation that the Juvenile Justice Act of 1977 was intended to provide the sole process for *adjudicating* juvenile offenses. The act did not place sole responsibility for defining juvenile offenses with the State. In fact, the act defines offense as:

> an act designated a violation or a crime if committed by an adult *under the law of this state, under any ordinance of any city or county of this state, under any federal law, or under the law of another state if the act occurred in that state;*

(Italics ours.) RCW 13.40.020(15). To be sure, the State of Washington has preempted local jurisdictions from grading and punishing serious offenses, *i.e.,* felonies. *State v. Mason*, 34 Wn. App. 514, 663 P.2d 137 (1983).[2] However this doctrine of preemption does not apply to the instant case because there is no state law grading, as a felony, any offense with elements similar to Seattle Municipal Code

---

[2]The reasoning of *State v. Mason*, 34 Wn. App. 514, 663 P.2d 137 (1983) can be harmonized with the result in *State v. Inglis*, 32 Wn. App. 700, 649 P.2d 163 (1982). We read these cases as authority for the proposition that the State preempts the city in defining felony offenses, whether or not the alleged perpetrator is juvenile.

12A.14.080. The only other statutes which are arguably comparable to 12A.14.080 are contained in RCW 9.41 wherein the offenses are graded as gross misdemeanors. RCW 9.41.290 states an intent to preempt only for firearm offenses; and chako sticks are not included in the definition of firearm. We can find no statute or case which indicates an intent to preempt the City of Seattle from defining misdemeanor offenses which can be committed with chako sticks.

■ The trial court held that the ordinance in question conflicts with RCW 9.41.270.[3] The basic rule for determining whether an ordinance conflicts with state law is whether the ordinance attempts to authorize what the Legislature has forbidden or does it forbid what the Legislature has expressly licensed, authorized, or required. *Bellingham v. Schampera*, 57 Wn.2d 106, 356 P.2d 292, 92 A.L.R.2d 192 (1960). Bishop and Rabon suggest that state law allows possession of chako sticks (since RCW 9.41.270 prohibits display only under certain circumstances) and that therefore the Seattle ordinance is in conflict. At first glance,

---

[3]RCW 9.41.270 states:

"(1) It shall be unlawful for anyone to carry, exhibit, display or draw any firearm, dagger, sword, knife or other cutting or stabbing instrument, club, or any other weapon apparently capable of producing bodily harm, in a manner, under circumstances, and at a time and place that either manifests an intent to intimidate another or that warrants alarm for the safety of other persons.

"(2) Any person violating the provisions of subsection (1) above shall be guilty of a gross misdemeanor.

"(3) Subsection (1) of this section shall not apply to or affect the following:

"(a) Any act committed by a person while in his place of abode or fixed place of business;

"(b) Any person who by virtue of his office or public employment is vested by law with a duty to preserve public safety, maintain public order, or to make arrests for offenses, while in the performance of such duty;

"(c) Any person acting for the purpose of protecting himself against the use of presently threatened unlawful force by another, or for the purpose of protecting another against the use of such unlawful force by a third person;

"(d) Any person making or assisting in making a lawful arrest for the commission of a felony; or

"(e) Any person engaged in military activities sponsored by the federal or state governments."

their position appears to be well taken. However, a review of existing case law on the subject of conflict with state law indicates the contrary. In *Bellingham v. Schampera, supra,* the Supreme Court held that a DWI ordinance did not conflict with an identical state DWI law. The Supreme Court quoted language from other cases which is helpful.

"'"In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa." Judged by such a test, an ordinance is in conflict if it forbids that which the statute permits'.

"'The statute, as well as the ordinance, in the case at bar, is prohibitory, and the difference between them is only that the ordinance goes farther in its prohibition— but not counter to the prohibition under the statute. The city does not attempt to authorize by this ordinance what the Legislature has forbidden; nor does it forbid what the Legislature has expressly licensed, authorized, or required. * * * Unless legislative provisions are contradictory in the sense that they cannot coexist, they are not to be deemed inconsistent because of mere lack of uniformity in detail.

(Citations omitted.) *Bellingham v. Schampera, supra* at 111.

In *Lenci v. Seattle,* 63 Wn.2d 664, 388 P.2d 926 (1964), the Supreme Court found no conflict between an ordinance requiring an 8–foot view obscuring wall for a wrecking yard and RCW 46.80.130 which required only a "wall, fence or wire enclosure" for a wrecking yard. The court quoted from *State ex rel. Isham v. Spokane,* 2 Wn.2d 392, 398, 98 P.2d 306 (1940):

It is well–settled that a city may enact local legislation upon subjects already covered by state legislation so long as its enactments do not conflict with the state legislation; and the fact that a city charter provision or ordinance enlarges upon the provisions of a statute by requiring more than the statute requires, does not create a conflict *unless the statute expressly limits the requirements.*

(Citations omitted. Italics ours.) *Lenci,* at 670.

In *State ex rel. Schillberg v. Everett Dist. Justice Court,* 92 Wn.2d 106, 594 P.2d 448 (1979), the Supreme Court found no conflict between RCW 88.12 which governs the safe operation of motor boats and a Snohomish County ordinance which prohibits the use of internal combustion motors on Lake Bosworth:

> There being no express statement nor words from which it could be fairly inferred that motor boats are permitted on all waters of the state, no conflict exists and the ordinance is valid.

*Schillberg,* at 108. In *Second Amendment Found. v. Renton,* 35 Wn. App. 583, 668 P.2d 596 (1983), the Court of Appeals found no conflict between an ordinance which prohibited carrying a firearm on any premise where alcoholic beverages are dispensed by the drink, and RCW 9.41.050 which allows possession of a firearm with a license. In dicta, the court opined that an absolute and unqualified local prohibition against possession of a pistol by the holder of a state permit would conflict with state law. In *Ritchie v. Markley,* 23 Wn. App. 569, 597 P.2d 449 (1979), the court found a conflict between Clallam County's shoreline management act which does not exempt agricultural activities from permit requirements and the state Shoreline Management Act of 1971 which contains the exemption. In that case the ordinance allowed the county to prohibit precisely what the state statute allowed. In *Republic v. Brown,* 97 Wn.2d 915, 652 P.2d 955 (1982), the Supreme Court found a conflict between an ordinance which created a *presumption* that a person with a .10 percent or greater blood alcohol level was under the influence of intoxicating liquor and RCW 46.61.502 which states that a person with such a percentage of blood alcohol *is* conclusively guilty of the offense.

> No real conflict can exist unless the ordinance declares something to be right which the state law declares to be wrong, or vice versa. There can be no conflict unless one authority grants a permit or license to do an act which is forbidden or prohibited by the other.

(Citations omitted.) *Republic v. Brown, supra* at 919. What these cases teach us is that in the present case our inquiry must focus on whether the Legislature has expressly authorized possession of chako sticks. *See also Diamond Parking, Inc. v. Seattle,* 78 Wn.2d 778, 479 P.2d 47 (1971) (Supreme Court held that former RCW 23.01.500 expressly authorized assignment of a license which the city ordinance prohibited), and *State v. Seattle,* 94 Wn.2d 162, 615 P.2d 461 (1980) (Supreme Court held that state law expressly gave sole authority to board of trustees to manage university tract). We do not read the clear language of RCW 9.41.270 as an express authorization of possession of chako sticks. Nor can we construe it as such. *State v. Theilken,* 102 Wn.2d 271, 275, 684 P.2d 709 (1984). Bishop and Rabon argue that *Pasco v. Ross,* 39 Wn. App. 480, 694 P.2d 37 (1985) directly applies and that RCW 9.41.270(3)(a) which allows a defendant to legally display or carry a weapon in his or her home conflicts with the blanket prohibition of chako sticks contained in the Seattle ordinance. Bishop and Rabon miss the major point of *Pasco v. Ross*: that the statute and ordinance prohibited the same conduct, an assault; and that the statute expressly authorized various defenses. The crime defined by RCW 9.41.270 has different elements from possession of chako sticks as defined by the ordinance. The existence of a defense to that crime does not indicate an express authorization or permit to possess chako sticks. There is no state statute which expressly permits possession of chako sticks. RCW 9.41.270 can coexist with Seattle Municipal Code 12A.14.080.

There being no conflict between the ordinance and state law, the decision of the trial court is reversed and the case is remanded for trial.

RINGOLD, A.C.J., and PEKELIS, J., concur.