[No. 17210-7-I. Division One. August 24, 1987.]

SEATTLE TAXI, INC., *Appellant,* v. KING COUNTY, *Respondent.*

618

*Bruce A. Wolf, Sheryl G. Bichich,* and *Kargianis & Austin,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Michael E. Thurston, Deputy,* for respondent.

HALEY, J.*—Seattle Taxicab and Transportation Company, Inc., appeals from an order granting summary judgment dismissing its complaint and declaring section 6.64.090 of the King County Code constitutional and valid. We affirm.

## FACTS
In 1984, the Legislature enacted RCW 81.72.210.[1] The

---

*This appeal was heard by a Supreme Court Justice, a Court of Appeals Judge, and a Superior Court Judge sitting as Court of Appeals Judges Pro Tempore in Division One.

[1] "To protect the public health, safety, and welfare, cities, towns, counties, and port districts of the state may license, control, and regulate privately operated

statute granted power to control taxicab rates to cities, towns, counties and port districts. In response to the state statute, the City of Seattle passed section 6.212.115 of the Seattle Municipal Code which provides, in pertinent part, as follows:

> Rate ceiling.
> No rate may exceed a ceiling rate of ten percent (10%) above the average of rates filed with the City on January 1st of each year.

On August 16, 1984, respondent King County enacted its own ordinance, codified as chapter 6.64.090 of the King County Code, relating to taxicab fares. The county ordinance provided, in pertinent part:

> [I]t shall be unlawful for anyone operating a taxicab licensed by King County to charge, demand or receive any greater or lesser rate than the following:
> 1. For passengers for the first 1/6 mile ...... $1.00
> 2. Thereafter, for each additional 1/6 mile or fraction thereof ............................. $0.20
> 3. For every one minute of waiting time .... $0.30

Following the enactment of the county and city ordinances, certain of appellant's taxicab drivers were cited for violations of the fixed rate provision in the county ordinance. Those citations were appealed to the King County Board of Appeals, and on January 24, 1984, the board rendered a decision upholding the issuance of the citations.

On January 11, 1985, appellant filed the present action in

---

taxicab transportation services operating within their respective jurisdictions. The power to regulate includes:

"(1) Regulating entry into the business of providing taxicab transportation services;

"(2) Requiring a license to be purchased as a condition of operating a taxicab and the right to revoke, cancel, or refuse to reissue a license for failure to comply with regulatory requirements;

"(3) Controlling the rates charged for providing taxicab transportation service and the manner in which rates are calculated and collected, including the establishment of zones as the basis for rates;

"(4) Regulating the routes of taxicabs, including restricting access to airports;

"(5) Establishing safety, equipment, and insurance requirements; and

"(6) Any other requirements adopted to ensure safe and reliable taxicab service. [1984 c 126 § 2.]"

superior court seeking a declaration that, among other things, the rate provisions of the King County ordinance were unconstitutional. The County then moved for summary judgment seeking dismissal of appellant's action and a declaration that the county ordinance was constitutional. The motion was subsequently granted, and, following denial of the appellant's motion for reconsideration, appellant appealed to this court.

Two issues are presented for review. The first issue is whether the county ordinance constitutes an impermissible exercise of the police power. The second is whether the county ordinance is unconstitutional because it conflicts with general law.

## POLICE POWER

■ An ordinance is "presumed to be constitutional, and an attacker bears the burden of showing the invalidity of an enactment beyond a reasonable doubt." *Seattle v. State,* 100 Wn.2d 232, 238, 668 P.2d 1266 (1983). Thus, we must determine whether appellant has carried its burden of showing the invalidity of the ordinance.

■ Appellant argues primarily that the ordinance cannot meet the requirements for a valid exercise of the police power. The requirements referred to are set forth in *State v. Conifer Enters.,* 82 Wn.2d 94, 96–97, 508 P.2d 149 (1973):

> Two steps are involved in measuring the constitutionality of a legislative enactment against the permissible bounds of the police power. First, does it tend to promote the health, peace, morals, education, good order and welfare of the people? More specifically, does it tend to correct some evil or promote some interest of the state? . . .
>
> The second inquiry, more narrow, but equally important, is whether the particular statute under scrutiny bears a reasonable and substantial relation to accomplishing the purpose established in step one.
>
> These tests cannot be applied in a vacuum. The state interest to be promoted or the evil to be corrected, and the relationship of the statute to this purpose, must be sought out.

(Citations omitted.)

Appellant apparently concedes that the first requirement, *i.e.*, whether the ordinance tends to correct some evil or promote some interest of the state, is satisfied here. Appellant contends that the evil sought to be corrected was rate "gouging" by taxicabs charging excessively high fares for taxi service from Seattle–Tacoma Airport to downtown Seattle. Though appellant does not challenge the legitimacy of this "evil," it argues that the ordinance does not bear a reasonable and substantial relation to correcting that "evil," and therefore the ordinance cannot pass the second part of the test outlined in *Conifer*.

In support of this argument, appellant points to evidence in the record indicating that (1) the fixed rate established in the ordinance has more undesirable side effects than a rate ceiling; and (2) the fixed rate will actually do more harm to the public than good. While these points may be well taken, and though the ordinance may have undesirable or even unnecessary side effects, this court cannot say that the ordinance fails to reasonably and substantially relate to the evil sought to be corrected. This is especially true in light of the fact that a "reasonable and substantial" relationship exists as long as this court "can reasonably conceive of a state of facts . . . which justify the legislation". *Conifer*, at 97. In the instant case, it is conceivable that rate gouging occurs throughout the county, and that a fixed rate or some other regulation is necessary to protect the public. Though a fixed rate may not be the wisest solution available, the wisdom of the enactment is a matter within the purview of the Legislature, not the courts. *State Pub. Employees' Bd. v. Cook*, 88 Wn.2d 200, 206, 559 P.2d 991 (1977), *adhered to on rehearing*, 90 Wn.2d 89, 579 P.2d 359 (1978); *Eskay Plastics, Ltd. v. Chappell*, 34 Wn. App. 210, 213, 660 P.2d 764 (1983); *County of Spokane v. Valu–Mart, Inc.*, 69 Wn.2d 712, 716, 419 P.2d 993 (1966).

Moreover, rate gouging may not be the only evil that the ordinance attempts to correct. In RCW 81.72.200, the Washington State Legislature has stated:

Consequently, the safety, reliability, and economic viability and stability of privately operated taxicab transportation service are matters of state–wide importance.

In light of the above, it is not difficult to imagine the justification for the challenged ordinance provision. As noted earlier, the courts are to conceive reasonable facts that may justify an ordinance. *State v. Conifer Enters.*, 82 Wn.2d 94, 97, 508 P.2d 149 (1973). It is reasonably possible that a fixed rate may aid the taxicab industry in terms of economic viability and stability.

### CONFLICT WITH GENERAL LAW

Appellant next contends that the ordinance is unconstitutional because it allegedly conflicts with RCW 81.72.210.[2] Specifically, appellant argues that (1) since RCW 81.72.210 grants cities the power to regulate taxicab rates within their jurisdictions; and (2) since the county's ordinance effectively nullifies and usurps the city's regulatory power, then (3) the ordinance is unconstitutional because it conflicts with state law. This argument is without merit.

■ It is well settled in Washington that an ordinance is unconstitutional if it "attempts to authorize what the Legislature has forbidden or . . . forbid[s] what the Legislature has expressly licensed, authorized, or required." *State v. Rabon,* 45 Wn. App. 832, 835, 727 P.2d 995 (1986). In the present case, the Legislature has expressly authorized cities and counties to regulate taxicab rates within their jurisdictions. RCW 81.72.210. The county ordinance does not in any way forbid the cities from doing what the Legislature authorized them to do. Though, as a practical matter, the county ordinance may have the effect of nullifying or superceding the city's ordinance, that will occur only if a taxicab operator chooses to be licensed by both the city and the county. Thus, there is no inherent conflict between the state statute and the county ordinance. A conflict occurs only if taxicab operators choose to be licensed by both King County and the City of Seattle. Therefore, there is no con-

---

[2]See footnote 1.

flict between the county ordinance and the state statute. The judgment is affirmed.

ANDERSEN and PEKELIS, JJ. Pro Tem., concur.

Review denied by Supreme Court December 2, 1988.