[No. 18801–1–I.   Division One.   January 4, 1988.]

THE CITY OF SEATTLE, *Petitioner*, v. EUN YONG SHIN, *Respondent*.

*Douglas N. Jewett, City Attorney,* and *Albert Raines* and *Pamela K. James, Assistants,* for petitioner.

*Helen L. Halpert* and *Robert D. Adelman* of *Seattle–King County Public Defender Association,* for respondent.

COLEMAN, J.—Eun Yong Shin was charged in Seattle Municipal Court with contributing to the dependency of a minor pursuant to Seattle Municipal Code 12A.18.020.[1] Her challenge to the constitutionality of the ordinance was denied, and she was convicted on stipulated facts. She appealed her conviction to the King County Superior Court. The Superior Court ruled that the ordinance was unconstitutional, and the cause was remanded to the municipal court with instructions to dismiss the charge. We

---

[1]SMC 12A.18.020 provides:

"A person is guilty of contributing to the dependency of a child if, by act or omission, he knowingly contributes to a child's becoming or causes a child to become a dependent child."

granted the City of Seattle's petition for discretionary review.

The gravamen of the charge against Shin was that she was aware of injuries inflicted upon her 3–year–old child by her boyfriend, but failed to seek medical attention for the child or to report those injuries to the authorities and thus contributed to the dependency of her child.[2]

■ Article 11, section 11 of our state constitution grants municipalities broad authority to make and enforce laws pursuant to the police power as long as those laws "are not in conflict with general laws." The State and a municipality may exercise concurrent jurisdiction as long as the State has not acted with the intent to preempt the entire area. *Seattle Newspaper–Web Pressmen's, Local 26 v. Seattle*, 24 Wn. App. 462, 465, 604 P.2d 170 (1979). If the Legislature has not preempted the area, a municipality's exercise of concurrent jurisdiction is constitutional as long as it does not directly conflict with the state regulation. *Republic v. Brown*, 97 Wn.2d 915, 919, 652 P.2d 955 (1982).

Shin alleges the statute under which she was convicted is unconstitutional on both grounds, and in order to sustain her challenge, she bears the burden of establishing the ordinance to be unconstitutional beyond a reasonable doubt on either theory. *State v. Rabon*, 45 Wn. App. 832, 834, 727 P.2d 995 (1986).

■ We first address the issue of preemption. A municipality is deprived of concurrent jurisdiction over a subject matter when the Legislature intends its jurisdiction over the same subject matter to be exclusive. *Lenci v. Seattle*, 63 Wn.2d 664, 669, 388 P.2d 926 (1964). There are two methods by which preemption can occur. The Legislature can expressly declare its intent to preempt the field. *Kennedy*

---

[2]The sole issue before this court is whether the City of Seattle's authority to legislate in this area has been preempted by state legislation. The parties do not argue that the behavior for which Shin was prosecuted falls outside the scope of the ordinance. For the purposes of this appeal, this court presumes Shin's conduct fell within the scope of the ordinance.

*v. Seattle,* 94 Wn.2d 376, 383, 617 P.2d 713 (1980). However, if the Legislature is silent on the issue of preemption, its intent may nonetheless be inferred from "the purposes of the legislative enactment and . . . the facts and circumstances upon which the enactment was intended to operate." *Lenci,* at 670.

Neither of the parties contends that the Legislature has expressly declared an intent either to extend or to deny concurrent jurisdiction to municipalities in the area of contributing to the dependency of a child. Thus, if the Seattle ordinance is preempted, it is so because of "necessary implication". *Kennedy,* at 383.

██ The court considers several factors when examining whether the Legislature has preempted an area by implication. One factor evincing legislative intent to preempt is whether the Legislature has created a single uniform standard intended for statewide application. *Spokane v. Portch,* 92 Wn.2d 342, 348, 596 P.2d 1044 (1979) (need for a single standard defining obscenity was a factor indicating preemption by implication in the area). The greater the local concern in a particular area of legislation, the less likely a single uniform statewide standard is needed and the less likely a local ordinance will be preempted by state legislation in the area. *Pasco v. Ross,* 39 Wn. App. 480, 482, 694 P.2d 37 (1985) (subject of criminal assault one of mixed state and local concern; therefore local assault ordinance not preempted by state criminal statute). The general welfare of its children is clearly a matter of concern to the City of Seattle.

The mere fact that a state criminal statute exists in the area is not evidence of the need for a single statewide standard. *See Bellingham v. Schampera,* 57 Wn.2d 106, 109, 356 P.2d 292, 92 A.L.R.2d 192 (1960). Thus, the existence of a state criminal statute penalizing the failure to report child abuse[3] is not, ipso facto, evidence of preemption.

---

[3] RCW 26.44.030 and .080 impose a duty to report incidents of child abuse and impose criminal sanctions for failure to do so.

Furthermore, the fact that a state criminal statute establishes a particular standard defining prohibited behavior does not mean the State has preempted a municipality from expanding upon the State's prohibition. *Pressmen's,* at 469 (the fact that state statute prohibits discrimination in certain areas does not indicate legislative intent to preempt localities from extending prohibitions on discrimination to other areas). Thus, the mere fact that the State has legislated in the area of reporting child abuse does not, by implication, indicate legislative intent to preempt localities from extending to a child's parents the duty to report child abuse.

Because the area of contributing to a child's dependency by failing to report abuse is a matter of mixed local and state concern and because state legislation in that area does not imply legislative intent to prohibit municipalities from legislating in that area, there has been no preemption by implication on those grounds.

Another factor indicating the Legislature's intent to preempt an area by implication is whether the Legislature has created so comprehensive a legislative framework in a particular area that there is no room left for concurrent jurisdiction. *Portch,* at 348.

Respondent argues the State's legislation in the area of child abuse is so comprehensive as to indicate an intent to preempt the area.[4] Specifically, respondent argues that the

---

[4]Respondent cites the following statutes in support of this argument:

RCW 26.44.010 provides in pertinent part:

"The Washington state legislature finds and declares: The bond between a child and his or her parent, custodian, or guardian is of paramount importance, and any intervention into the life of a child is also an intervention into the life of the parent, custodian, or guardian; however, instances of nonaccidental injury, neglect, death, sexual abuse and cruelty to children by their parents, custodians or guardians have occurred, and in the instance where a child is deprived of his or her right to conditions of minimal nurture, health, and safety, the state is justified in emergency intervention based upon verified information; and therefore the Washington state legislature hereby provides for the reporting of such cases to the appropriate public authorities. It is the intent of the legislature that, as a result of such reports, protective services shall be made available in an effort to prevent further abuses, and to safeguard the general welfare of such children . . ."

legislative purpose in enacting RCW 26.44 is to further the best interests of the children of this state by preserving the family structure. Respondent argues that this purpose is disrupted by criminal prosecution of a parent who has contributed to abuse of a child. This argument is not convincing.

In amending the child abuse reporting act (RCW 26.44), the Legislature in its finding and declaration stated in part: "Governmental authorities must give the prevention, treatment, and punishment of child abuse the highest priority, and all instances of child abuse must be reported to the proper authorities . . ." Laws of 1985, ch. 259, § 1. Clearly the legislative intent of RCW 26.44 is to encourage reporting child abuse. Nowhere is there evidence of a purpose to prohibit localities from including parents among those who are required to report. Thus, the state legislation, both by its expressed and implied purpose, did not indicate an intent to be so comprehensive as to preclude concurrent local jurisdiction.

Respondent also argues that SMC 12A.18.020 is preempted by state law because RCW 13.04.030(2)[5] lodges

---

Former RCW 13.34.020 provides:

"The legislature declares that the family unit is a fundamental resource of American life which should be nurtured. Toward the continuance of this principle, the legislature declares that the family unit should remain intact in the absence of compelling evidence to the contrary."

RCW 13.32A.010 provides in pertinent part:

"The legislature reaffirms its position stated in RCW 13.34.020 that the family unit is the fundamental resource of American life which should be nurtured and that it should remain intact in the absence of compelling evidence to the contrary."

RCW 13.32A.100 provides:

"Where a child is placed in a residence other than that of his or her parent pursuant to RCW 13.32A.090(2)(e), the department shall make available family reconciliation services in order to facilitate the reunification of the family. Any such placement may continue as long as there is agreement by the child and parent."

[5]RCW 13.04.030(2) provides:

"The juvenile courts in the several counties of this state, shall have exclusive original jurisdiction over all proceedings:

exclusive original jurisdiction in the juvenile courts for actions relating to dependent children under RCW 26.44 and RCW 13.34.030–.170. Appellant is mistaken insofar as she suggests all actions arising under these provisions are exclusively lodged in juvenile court. The only action so lodged are those "[r]elating to children alleged or found to be dependent . . ." RCW 13.04.030(2). That would include provisions which primarily relate to declaring dependency, removing dependent children from abusive environments, naming guardians, and the like. It is true those actions are exclusively vested in the juvenile court's jurisdiction, and a municipality could not exercise concurrent jurisdiction.

However, RCW 26.44 provides for proceedings not directly relating to children found to be dependent. For example, RCW 26.44.063[6] relates to parents or others who inflict child abuse and provides for the issuance of temporary restraining orders "in any judicial proceeding" in order to enjoin abuse. RCW 26.44.063. Similarly, RCW 26.44.080[7] provides for criminal proceedings against persons under a duty to report child abuse who fail to do so. These actions relate to adults who are either inflicting or charged with detecting child abuse. They do not relate to children found

---

". . .

"(2) Relating to children alleged or found to be dependent as provided in chapter 26.44 RCW and in RCW 13.34.030 through 13.34.170, as now or hereafter amended[.]"

[6]RCW 26.44.063 provides:

"(1) In any judicial proceeding in which it is alleged that a child has been subjected to sexual or physical abuse, if the court finds reasonable grounds to believe that an incident of sexual or physical abuse has occurred, the court may, on its own motion, or the motion of the guardian ad litem or other parties, issue a temporary restraining order or preliminary injunction restraining or enjoining the person accused of committing the abuse . . ."

[7]RCW 26.44.080 provides:

"Every person who is required to make, or to cause to be made, a report pursuant to RCW 26.44.030 and 26.44.040, and who knowingly fails to make, or fails to cause to be made, such report, shall be guilty of a gross misdemeanor."

to be dependent in the sense contemplated by RCW 13.04-.030(2). To the extent both SMC 12A.18.020 and RCW 26.44.080 legislate in the area of punishing those who fail to report abuse, there is no evidence the Legislature intended to vest the juvenile courts with exclusive jurisdiction in that area, and therefore there is no preemption.

Certainly RCW 26.44 does not divest municipalities from legislating in areas not encompassed by that chapter. To a large degree, SMC 12A.18.020 deals with an area, criminal sanctions for contributing to the abuse of a child, simply not covered by RCW 26.44. To that extent, there also can be no preemption. In fact, RCW 26.44 contemplates the existence of ordinances such as SMC 12A.18.020 insofar as RCW 26.44.060(1) makes those who report child abuse immune from liability arising from reporting "under any law of this state or its political subdivisions."

Respondent argues that the system of restraining orders and contempt sanctions for failure to comply with orders issued pursuant to RCW 26.44 would be disrupted by permitting criminal prosecutions. That argument ignores the fact that while RCW 26.44 does provide the court with a mechanism for issuing restraining orders enjoining the accused from committing further abuse, it says nothing about precluding simultaneous prosecution of the accused under appropriate state criminal statutes. Thus, there is no implication from the contempt framework of RCW 26.44 that the Legislature intended that title to preempt state or local authorities from pursuing criminal prosecution relating to dependency.

In short, there is no convincing evidence that the Legislature preempted by implication the concurrent jurisdiction of municipalities to legislate in the area of contributing to a child's dependence or reporting of abuse.

We next consider whether SMC 12A.18.020 is in conflict with RCW 26.44.030.

■ Washington case law outlining the test for determining whether an ordinance conflicts with state law was recently reviewed in *State v. Rabon,* 45 Wn. App. 832, 835–

38, 727 P.2d 995 (1986). In that case, two juveniles were charged with violating a Seattle ordinance prohibiting possession of chako sticks. The defendants claimed the ordinance conflicted with a similar state law prohibiting possession of weapons but not specifically proscribing chako sticks. The defendants maintained the laws conflicted because what was proscribed by the City was permitted by the State. The *Rabon* court, however, noted laws do not conflict merely because an ordinance extends the prohibitions outlined in a related state statute unless the state statute expressly limits the City's power to extend the State's prohibition. *Rabon,* at 836.

Respondent contends that the Seattle ordinance criminalizing contributing to dependency conflicts with the state statute requiring certain persons to report child abuse. RCW 26.44.030(1) and (2)[8] impose a duty on certain persons, mostly health care and social service professionals, to contact law enforcement agencies once they have reasonable cause to believe a child has suffered abuse. Failure by those persons to make such a report is a gross misdemeanor under RCW 26.44.080. RCW 26.44.030(2) then provides that "any other person", a designation that includes a child's parents, may report incidents of abuse by the same reporting mechanism provided for those professionals required to report incidents of abuse under RCW 26.44-.030(1). Under RCW 26.44.060, persons making such a

---

[8]Former RCW 26.44.030(1), (2) provide:

"*Reports*—Duty and authority to make—Duty of receiving agency—Duty to notify. (1) When any practitioner, professional school personnel, registered or licensed nurse, social worker, psychologist, pharmacist, or employee of the department has reasonable cause to believe that a child or adult dependent person has suffered abuse or neglect, he shall report such incident, or cause a report to be made, to the proper law enforcement agency or to the department as provided in RCW 26.44.040. The report shall be made at the first opportunity, but in no case longer than forty-eight hours after there is reasonable cause to believe that the child or adult has suffered abuse or neglect.

"(2) Any other person who has reasonable cause to believe that a child or adult dependent person has suffered abuse or neglect may report such incident to the proper law enforcement agency or to the department of social and health services as provided in RCW 26.44.040."

report are immune from any civil or criminal liability arising out of reporting.

Respondent argues that SMC 12A.18.020 conflicts with RCW 26.44.030 in that the city ordinance permits punishment based on parental failure to report incidents of child abuse, which the state statute does not.

This is an example of an instance in which a municipality seeks to extend the scope of a state statute to include other classes of persons. Specifically, the ordinance seeks to include parents among those who must report incidents of abuse to their children. The city ordinance goes farther, however, by making any knowing act or omission that contributes to the abuse of a child an offense. SMC 12A.18.020.

Under the test for conflict applied in *Rabon,* if the state law expressly authorizes the kind of behavior the city ordinance prohibits, then the more extensive prohibitions of the city ordinance unconstitutionally conflict with the state law. Thus, in *Rabon,* even though the State had not banned chako sticks, it nevertheless had not expressly authorized their possession; therefore, the municipal ordinance forbidding their possession was not in conflict with the state statute. *Rabon,* at 838.

Similarly, in this case there is no repugnancy between the Seattle ordinance and the state statute. The Legislature has not authorized parents to forgo reporting incidents of child abuse, nor has it authorized parents to contribute to a child's dependency by failing to report abuse. At most, RCW 26.44 grants immunity to parents for any liability that might arise out of their use of the reporting procedures that statute creates. Thus, the Seattle ordinance, by imposing a duty on parents to report any known incidents of child abuse, has permissibly extended the prohibitions of the state statute. The Seattle ordinance does not conflict with the state statute. *State ex rel. Schillberg v. Everett Dist. Justice Court,* 92 Wn.2d 106, 108, 594 P.2d 448 (1979) (state statute regulating safe operation of motor boats nowhere expressly says boats are permitted on all state waters, so local ordinance prohibiting motor boats on Lake

Bosworth does not conflict with state statute); *Second Amendment Found. v. Renton,* 35 Wn. App. 583, 588–89, 668 P.2d 596 (1983) (state statute providing for licensing of firearms does not expressly grant unqualified right to possess firearms at all times and places so local ordinance forbidding possession of firearms on premises where liquor was sold does not conflict with state statute).

Based upon our analysis that the State has not preempted municipalities from legislating in the area of contributing to the dependency of minors and that SMC 12A.18.020 is not in conflict with RCW 26.44.030, we reverse the order of the superior court and direct that respondent's conviction be reinstated.

SCHOLFIELD, C.J., and WILLIAMS, J., concur.

Reconsideration denied February 5, 1988.

Review denied by Supreme Court May 4, 1988.