[No. 11235-0-I.  Division One.  April 27, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. PHILIP WAYNE MASON, *Appellant.*

---

*Kim Wakefield* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Thomas Cherry, Deputy,* for respondent.

RINGOLD, J.—On September 9, 1981, Philip Wayne Mason was arrested in downtown Seattle by Seattle police officers after soliciting a decoy prostitute to work for him in Tacoma. He was charged with promoting prostitution in the second degree, RCW 9A.88.080,[1] and convicted following a jury trial.

He raises a single issue on appeal: whether his constitutional right to equal protection of the laws was violated because RCW 9A.88.080(1)(b), a class C felony punishable by a maximum of 5 years' imprisonment and/or a $10,000 fine, RCW 9A.20.020, proscribes exactly the same conduct as Seattle Municipal Code (SMC) 12A.10.030,[2] which car-

---

[1]RCW 9A.88.080 provides:

"Promoting prostitution in the second degree. (1) A person is guilty of promoting prostitution in the second degree if he knowingly:

"(a) Profits from prostitution; or

"(b) Advances prostitution.

"(2) Promoting prostitution in the second degree is a class C felony."

"Advances prostitution" is defined in RCW 9A.88.060(1) as follows: "A person 'advances prostitution' if, acting other than as a prostitute or as a customer thereof, he causes or aids a person to commit or engage in prostitution, procures or solicits customers for prostitution, provides persons or premises for prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid, or facilitate an act or enterprise of prostitution."

[2]Seattle Municipal Code 12A.10.030 provides,

"Promoting prostitution.

"A person is guilty of promoting prostitution if:

"A. Acting other than as a prostitute or as a customer thereof, he knowingly:

"1. Causes or aids a person to commit or engage in prostitution, or

"2. Procures or solicits customers for prostitution, or

"3. Provides persons or premises for prostitution purposes, or

ries a maximum penalty of 6 months' imprisonment and a $500 fine. SMC 12A.02.070. We hold that the subject matter of SMC 12A.10.030 was preempted by the enactment of the criminal code, RCW Title 9A, by the State Legislature in 1975. Since Mason could not properly have been charged under the preempted ordinance, we affirm.

## EQUAL PROTECTION

In *Olsen v. Delmore*, 48 Wn.2d 545, 550, 295 P.2d 324 (1956), the Supreme Court held that "A statute which prescribes different punishments or different degrees of punishment for the same act committed under the same circumstances by persons in like situations" violates both the equal protection clause of the United States Constitution[3] and article 1, section 12 of the Washington State Constitution.[4] Such a statute vests in the charging authorities unbridled discretion to charge an offender with either of two crimes, carrying different sentences, for the same offense. While a judge may exercise discretion in sentencing, based on individual considerations, the charging authorities may not exercise the same discretion with regard to the degree of offense charged for a particular crime:

This distinction between discretion in choosing the degree of the charge and discretion in fixing the sentence may seem pointless and can result in petty disputes over

---

"4. Operates or assists in the operation of a house of prostitution or a prostitution enterprise, or

"5. Engages in any other conduct designed to institute, aid or facilitate an act or enterprise of prostitution; . . ."

[3] The United States Constitution, amendment 14, states in pertinent part: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

[4] Const. art. 1, § 12 states: "No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations."

language. *See Olsen v. Delmore, supra.* However, it results from a meeting of our two goals of treating all men equally in the guilt determination process while retaining some flexibility and individualized treatment at the punishment stage. Until a better way of reflecting these two goals can be found, we will abide by the above distinction.

*State v. Blanchey,* 75 Wn.2d 926, 939–40, 454 P.2d 841 (1969), *cert. denied,* 396 U.S. 1045 (1970).

In *State v. Zornes,* 78 Wn.2d 9, 23, 475 P.2d 109 (1970), the court approved the *Olsen* rule and stated,

> There is no logical basis for drawing a distinction between an authorization contained in one statute, to charge for either a misdemeanor or a felony, and the same authorization contained in different statutes, if the prosecution under either statute is for the identical act.

The *Zornes* court, citing *State v. Reid,* 66 Wn.2d 243, 401 P.2d 988 (1965), delineated the permissible scope of the prosecutor's discretion: "a prosecutor may exercise discretion in deciding whether to prosecute an offender or not, and . . . he may decide also whether to proceed under one statute or another, *provided the facts to be proven are not the same.*" (Italics ours.) 78 Wn.2d at 22.

This court in *State v. Bower,* 28 Wn. App. 704, 626 P.2d 39 (1981) characterized the *Olsen* issue as one of legislative intent. The equal protection violation arises where the Legislature has passed two statutes

> giving the prosecutor an unlimited option to charge a felony or a misdemeanor for the same act committed under the same circumstances by people in like situations. If both statutes applied, there would be no legislative standard to use in determining which statute to charge.

*Bower,* at 711.

The State argues that the State of Washington and the City of Seattle, with separate prosecutors and courts, should be considered different entities for purposes of the equal protection analysis, and that the rule of *Olsen v. Delmore, supra,* should not apply here.

In *Waller v. Florida,* 397 U.S. 387, 25 L. Ed. 2d 435, 90 S. Ct. 1184 (1970), the United States Supreme Court rejected the "dual sovereignty" theory urged here by the State in a related area, holding that the double jeopardy clause barred successive trials in municipal and state courts for the same conduct. *See also State v. Roybal,* 82 Wn.2d 577, 512 P.2d 718 (1973). Similarly, in holding that the equal protection clause applied to municipal governments, the United States Supreme Court stated, in *Avery v. Midland Cy.,* 390 U.S. 474, 479–80, 20 L. Ed. 2d 45, 88 S. Ct. 1114 (1968),

> The Equal Protection Clause reaches the exercise of state power however manifested, whether exercised directly or through subdivisions of the State.
> "Thus the prohibitions of the Fourteenth Amendment extend to all action of the State denying equal protection of the laws; whatever the agency of the State taking the action. . . ." *Cooper* v. *Aaron,* 358 U. S. 1, 17 (1958).
> Although the forms and functions of local government and the relationships among the various units are matters of state concern, it is now beyond question that a State's political subdivisions must comply with the Fourteenth Amendment. The actions of local government *are* the actions of the State.

(Footnote omitted.)

The equal protection clause applies to state action whether executed under ordinance or statute. The City's powers are derived from the State Legislature. *Othello v. Harder,* 46 Wn.2d 747, 284 P.2d 1099 (1955). The City of Seattle and the State of Washington are both creatures of a single organic act. The two governmental entities must therefore be considered as one for purposes of analyzing the alleged violation of the equal protection clause under the rule of *Olsen v. Delmore, supra.*

The State next asserts, citing *United States v. Batchelder,* 442 U.S. 114, 60 L. Ed. 2d 755, 99 S. Ct. 2198 (1979),[5]

---

[5]In *United States v. Batchelder,* 442 U.S. 114, 60 L. Ed. 2d 755, 99 S. Ct. 2198 (1979), the Supreme Court held that convictions of one of two overlapping provisions of the Omnibus Crime Control and Safe Streets Act of 1968 did not

that the officer's choice of where to present the offense for charging involves the same exercise of discretion as an officer's decision to avert his gaze. *Batchelder* is distinguishable from the case at bench since it concerned two felonies covering the same conduct rather than a felony and a misdemeanor defined identically. *See State v. Edwards,* 17 Wn. App. 355, 361, 563 P.2d 212 (1977) (*Olsen* rule applies only where statutes permit charging either a felony or a misdemeanor).

We agree that an officer may avert his or her gaze: the decision whether to arrest, like that of the prosecutor whether to prosecute, *State v. Zornes, supra* at 22, would be a proper exercise of the officer's discretion. This, however, is not the question here. At issue is the officer's uncurbed choice "to proceed for either a gross misdemeanor or a felony for the identical act". *State v. Zornes, supra* at 23.

Where two criminal statutes are defined with exactly the same elements, any purposeful discretion exercised by the charging authority, or by the arresting officer in this case, could be based only on consideration of the possible penalty involved. A statutory scheme permitting such discretion is unconstitutional: "[E]qual protection of the laws requires that statutory classifications of crimes be based on differences that are real in fact and reasonably related to the general purposes of criminal legislation." *People v.*

violate the equal protection clause of the Fifth Amendment even though the two statutory sections authorized different maximum punishments. The Court found in legislative history that the congressional intent was to enact "two independent gun control statutes, each fully enforceable on its own terms," 442 U.S. at 119, and held that the two provisions did not violate equal protection. The Court stated, at page 125, that:

> there is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context. The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause.

*Marcy,* 628 P.2d 69, 74 (Colo. 1981) (refusing to apply the *Batchelder* analysis).

The statute and ordinance here at issue define the same crime, with the same elements, but with differing punishments. The fact that the statute was passed by the State Legislature and has statewide application, while the ordinance is local in nature and chargeable only in Seattle Municipal Court, *see* RCW 35.20.030, does not ameliorate the equal protection violation in this case. The Seattle police officer arresting Mason could exercise the same unfettered discretion here as did the prosecutor in *Olsen, i.e.,* to bring about felony or misdemeanor charges for the same offense by his action in choosing to present the case to the County or the City for prosecution. Leaving the choice of punishment with the charging authorities violates the equal protection clauses of the state and federal constitutions. *Olsen v. Delmore, supra.* If the Seattle ordinance is available as a charging alternative, Mason's conviction must be reversed.

### PREEMPTION

The promoting prostitution statute is but one section of the 1975 criminal code, Laws of 1975, 1st Ex. Sess., ch. 260, the first comprehensive overhaul of our criminal statutes since the Laws of 1909. The statement of purpose in the criminal code expressly evinces the intent of the Legislature "To differentiate on reasonable grounds between serious and minor offenses, and to prescribe proportionate penalties for each." RCW 9A.04.020(1)(d).

■ Article 11, section 11 of the Washington State Constitution provides,

> Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws.

An ordinance is "in conflict" with state statutes if it prohibits that which a statute permits, or vice versa, or if there is an indication that the State Legislature intended to preempt the particular field of legislation. *Bellingham v.*

*Schampera,* 57 Wn.2d 106, 356 P.2d 292, 92 A.L.R.2d 192 (1960). The Seattle ordinance effectively contravenes the penalty provisions chosen by the Legislature to punish the crime of promoting prostitution in the second degree. We conclude that the Legislature intended, by passing the criminal code, to make the grading and punishment of serious criminal offenses a matter of state control. The Seattle ordinance is thus "in conflict" with the State criminal code.

State law prevails and local law must fall where there is an irreconcilable conflict. In such a case, the local law is preempted to the extent that an actual conflict exists. *See Pioneer First Fed. Sav. & Loan Ass'n v. Pioneer Nat'l Bank,* 98 Wn.2d 853, 861, 659 P.2d 481 (1983) (conflict between state and federal law). The equal protection violation which results from applying the rule of *Olsen v. Delmore, supra,* creates such a conflict here.

We therefore hold that SMC 12A.10.030 was preempted by the Legislature when it passed RCW 9A.88.080. It follows that the charging authorities, whether state or municipal officers, did not have the discretion to charge Mason with a misdemeanor or a felony; only the latter was available.

The judgment and sentence is affirmed.

SWANSON and SCHOLFIELD, JJ., concur.