[Nos. 18107-6-I; 19653-7-I.   Division One.   January 20, 1988.]

THE CITY OF SEATTLE, *Respondent,* v. JOHN TAYLOR, JR., *Petitioner.*

THE CITY OF SEATTLE, *Petitioner,* v. DONALD GREGORY, *Respondent.*

*M. Catherine Miller* of *Seattle–King County Public Defender Association,* for petitioner Taylor.

*Jon R. Zulauf* and *Franco, Asia, Bensussen, Coe & Finegold,* for respondent Gregory.

*Douglas N. Jewett, City Attorney,* and *Ruth Robinson, Assistant,* for City of Seattle.

WILLIAMS, J.—The sole question in these cases, consolidated for purposes of appeal, is whether the following ordinance of the City of Seattle is constitutional:

> A person is guilty of simple assault when he intentionally and without permission touches another person and that touching is offensive.

Seattle Municipal Code 12A.06.015(A). The defendants contend that the ordinance is in conflict with state law, and thus prohibited by article 11, section 11 of the Washington State Constitution. Also, the defendants contend the ordinance is unconstitutionally vague.

In determining whether there is a conflict between municipal and state law, the rule is:

> No real conflict can exist unless the ordinance declares something to be right which the state law declares to be wrong, or vice versa. There can be no conflict unless one authority grants a permit or license to do an act which is forbidden or prohibited by the other.

*Seattle Newspaper–Web Pressmen's, Local 26 v. Seattle,* 24 Wn. App. 462, 469, 604 P.2d 170 (1979), quoting *Struthers v. Sokol,* 108 Ohio St. 263, 140 N.E. 519 (1923); *see also Republic v. Brown,* 97 Wn.2d 915, 919, 652 P.2d 955 (1982).

The state criminal code, RCW 9A.36.010–.040, defines three serious degrees of assault and leaves the definition of simple assault to the common law.[1] *State v. Norby,* 20 Wn. App. 378, 380, 579 P.2d 1358 (1978). According to RCW 9A.36.040(1):

> Every person who shall commit an assault or an assault and battery not amounting to assault in either the first, second, or third degree shall be guilty of simple assault.

Common law provides the following definition:

> An assault is an attempt to commit a battery, which is an unlawful touching; a touching may be unlawful because it was neither legally consented to nor otherwise privileged, and was either harmful or offensive.

*State v. Garcia,* 20 Wn. App. 401, 403, 579 P.2d 1034 (1978).

The defendants argue that the ordinance conflicts because the Seattle Municipal Code (SMC) does not contain the affirmative defenses provided for under state law. Although this was true at the time,[2] nothing in the code prevented the defendants from pleading and proving those defenses. Indeed, in the Taylor case, the defendant's self–defense claim was fully presented; the jury was instructed that the City must prove Taylor did not act in self–defense in instruction 2, and self–defense was defined in instruction 3.

The defendants also argue the ordinance is in conflict with state law because simple assault under RCW 9A.36-.040 carries a different penalty (maximum 1 year in jail, $5,000 fine) from simple assault under SMC 12A.06.015(A)

---

[1]The recent changes in the assault statutes do not change the result in this case. *See* Laws of 1986, ch. 257; Laws of 1987, ch. 188, 324.

[2]Since remedied. *See* SMC 12A.04.190–.210.

(maximum 90 days in jail, $300 fine). In *State v. Mason,* 34 Wn. App. 514, 663 P.2d 137 (1983), relied upon by the defendants, the court had before it a state statute which made promoting prostitution in the second degree a felony with a maximum punishment of 5 years' imprisonment and a $10,000 fine, and a Seattle ordinance which proscribed exactly the same conduct but carried a maximum penalty of 6 months in jail and a $500 fine. The court observed:

> The Seattle ordinance effectively contravenes the penalty provisions chosen by the Legislature to punish the crime of promoting prostitution in the second degree. We conclude that the Legislature intended, by passing the criminal code, to make the grading and punishment of serious criminal offenses a matter of state control. The Seattle ordinance is thus "in conflict" with the State criminal code.

*Mason,* at 521.

The decision in *State v. Mason, supra,* is not controlling in this case. Under state law, simple assault is not a serious criminal offense; RCW 9A.36.040(2) defines simple assault as a gross misdemeanor. Moreover, SMC 12A.06.015(A) does not proscribe exactly the same conduct as state law, the latter encompassing a much broader scope of activity. Accordingly, the Seattle ordinance is not in conflict with state law.

Nor is SMC 12A.06.015(A) unconstitutionally vague. As noted in *State v. Richmond,* 102 Wn.2d 242, 243–44, 683 P.2d 1093 (1984):

> Due process under U.S. Const. amend. 14 and Const. art. 1, § 3 requires that penal statutes be drawn with sufficient specificity so that persons of common understanding will be on notice of the activity prohibited by the statutes. *Buckley v. Valeo,* 424 U.S. 1, 46 L. Ed. 2d 659, 96 S. Ct. 612 (1976); *Seattle v. Rice,* 93 Wn.2d 728, 612 P.2d 792 (1980). An equally important purpose of the doctrine is to guarantee that criminal convictions are not based on arbitrary or *ad hoc* determinations of criminality. *Kolender v. Lawson,* 461 U.S. 352, 75 L. Ed. 2d 903, 103 S. Ct. 1855 (1983); *Seattle v. Rice, supra.* Recently, however, the Supreme Court has stated that the most

important purpose to be served by the vagueness doctrine is "the requirement that a legislature establish minimal guidelines to govern law enforcement." *Kolender,* at 358.

(Footnote omitted.) The concept of offensive touching is well rooted, and persons of ordinary understanding from the early days of the common law to the present have understood its meaning. *See O'Donoghue v. Riggs,* 73 Wn.2d 814, 440 P.2d 823 (1968); *Garratt v. Dailey,* 46 Wn.2d 197, 279 P.2d 1091 (1955); *State v. Humphries,* 21 Wn. App. 405, 586 P.2d 130 (1978); Restatement (Second) of Torts §§ 13, 18–20 (1965); 6 Am. Jur. 2d *Assault and Battery* § 5 (1963).

The superior court decision on RALJ proceedings upholding Taylor's conviction and the constitutionality of SMC 12A.06.015(A) is affirmed and the cause remanded for sentencing; the superior court decision on RALJ proceedings holding the ordinance unconstitutional and dismissing the charges against Gregory is reversed and the cause remanded for trial.

SCHOLFIELD, C.J., and COLEMAN, J., concur.

Reconsideration denied April 13 and 15, 1988.

Review denied by Supreme Court July 5, 1988.