10 P.3d 1095 (2000)
102 Wash.App. 955
CITY OF SPOKANE, Respondent,
v.
Jeffrey D. WHITE, Petitioner.
City of Spokane, Respondent,
v.
Vernon S. Deno, Petitioner.
City of Spokane, Respondent,
v.
Maurice R. Simon, Petitioner.
Nos. 18738-1-III, 18739-0-III, 18740-3-III.
Court of Appeals of Washington, Division 3, Panel One.
October 19, 2000.
*1096 Katherine S. Knox, City of Spokane Public Defender's Office, Spokane, for Appellants.
Kevin M. Korsmo, Deputy Prosecuting Attorney, Spokane, for Respondents.

*1097 OPINION PUBLISHED IN PART
BROWN, A.C.J.
After we granted discretionary review, Jeffrey D. White, Vernon S. Deno and Maurice R. Simon challenged separate superior court decisions affirming their municipal court convictions for assault (domestic violence) under Spokane Municipal Code (SMC) § 10.11.010. The primary issue in their consolidated appeals is the ordinance's constitutionality in light of the use of the less culpable term wilfully to describe the necessary mental state rather than intent as in the corresponding state crimes. Because (1) wilfully equates with knowledge and (2) a municipality may legislate on the same subject as the state so long as no conflict exists, we decide the ordinance is constitutional. Additionally, we decide the trial courts properly instructed on the elements, the assault definitions were proper, and the evidence supports giving each definition. We reject all of petitioners' other contentions in the unpublished portion of this opinion. Accordingly, we affirm.

FACTS
Following separate incidents, Mr. White, Mr. Deno and Mr. Simon were each charged with assault (domestic violence) under SMC § 10.11 .010. Municipal court juries found each petitioner guilty. Each unsuccessfully appealed to the superior court. We granted discretionary review and consolidated the cases primarily to resolve common constitutional questions. We also address evidentiary and instructional issues to provide additional guidance.

The White Case
On May 27, 1998, Bonnie White called 911, then hung up. When called back, she stated my husband's been hittin' on me. Telling me he's gonna kill me and bury me in the backyard. Mr. White was arrested and charged with assault (domestic violence) under SMC § 10.11.010. His citation stated the offense and the victim's name. The next day, the prosecuting attorney added the following to the citation: Defendant did willfully use or threaten to use by purposeful words or acts unlawful physical force against another involved in a domestic relationship.
Over objection, the trial court admitted the 911 tape after considering foundation testimony and deciding it met excited utterance requirements. Following testimony, Mr. White objected to the charging document and unsuccessfully requested dismissal.

The Deno Case
On May 21, 1998, Brian P. Campbell and his wife overheard yelling coming from the house directly behind them. The Campbells observed Mr. Deno angrily push Melissa Ashar, Mr. Deno's live-in girlfriend, into the house. They then saw Mr. Deno raise his hand to Ms. Ashar, but could not see Mr. Deno make contact. Mr. Campbell called 911. Then, Mr. Campbell and his teenage son went to the Deno residence. Mr. Deno fled. He was later arrested and charged with assault (domestic violence) under SMC § 10.11.010.
At trial, an officer testified he observed red marks and scratches on Ms. Ashar. Ms. Ashar testified that no physical contact occurred and generally denied any assaultive conduct by Mr. Deno. Rather than the standard pattern instructions proposed by the defense, the jury's reasonable doubt instruction was drawn from State v. Castle, 86 Wash.App. 48, 52 n. 1, 53-60, 935 P.2d 656 (1997).

The Simon Case
On January 10, 1998, officers responded to a 911 call to find Wauk A Nita Hudson. They described her injuries. The officers said the door looked as though it had been forced. Ms. Hudson reported that she and Mrs. Simon were roommates and Mr. Simon had been staying with them the last four to five days. At trial, Mrs. Simon denied this. Ms. Hudson told the police she heard a loud noise, came out to the living room, and saw Mr. Simon push his wife to the ground and strike her several times in the head. Ms. Hudson attempted to call the police, but was struck by Mr. Simon in the mouth. Mrs. Simon took this opportunity to flee the house. Mr. Simon chased after her.
*1098 While the police were still at the residence, Ms. Hudson received a phone call from Mrs. Simon. Officer David W. Singley attempted to speak to Mrs. Simon. He testified she sounded like she had been crying and stammered when asked questions. The phone was disconnected before the police could learn where she was. Soon, police located Mr. and Mrs. Simon at a nearby pay phone. Mr. Simon ran but was later arrested. Among his charges were two counts of assault (domestic violence) under SMC § 10.11.010.
At trial, Mr. Simon was pro se. Mrs. Simon denied any assault. A neighbor testified she heard screaming, what sounded like a door being kicked in, wrestling noises, people running up the stairs, and then a woman screaming don't hit me this time, don't hit me anymore. Mr. Simon unsuccessfully sought to admit notarized statements from Ms. Hudson and Mrs. Simon, recanting their earlier police statements.

ANALYSIS

A. Constitutionality
The broad issue is whether SMC § 10.11.010 is unconstitutional. Mr. White, Mr. Deno and Mr. Simon contend the mens rea required under the municipal ordinance (wilfully) conflicts with the mens rea required for assault under the state statute (intent). Significantly, the City now concedes the use of the term wilfully in SMC § 10.11.010 requires knowledge while the corresponding state law requires intent. This is an apt concession because, as discussed below, wilfully is, under our statutory scheme, equated with knowledge, a less serious form of mental culpability. Thus, the specific issue is whether a local ordinance with a less serious form of mental culpability than the corresponding state statute is unconstitutional. Both issues are of first impression.
The question of whether a municipal ordinance conflicts with state law is reviewed de novo. State v. Greene, 97 Wash. App. 473, 476, 983 P.2d 1190 (1999). Under constitutional police powers, cities may enact ordinances prohibiting the same acts state law prohibits as long as the city ordinance does not conflict with the general laws of the state. City of Bellingham v. Schampera, 57 Wash.2d 106, 109, 356 P.2d 292, 92 A.L.R.2d 192 (1960). The test for determining whether a municipal ordinance is in conflict with state law is whether the ordinance expressly permits or licenses that which the statute forbids and prohibits, or vice versa. Id. at 111, 356 P.2d 292. A local ordinance does not conflict with state law merely because one prohibits a wider scope of activity than the other does. City of Seattle v. Eze, 111 Wash.2d 22, 33, 759 P.2d 366, 78 A.L.R.4th 1115 (1988) (citing Town of Republic v. Brown, 97 Wash.2d 915, 919, 652 P.2d 955 (1982)). An ordinance is presumed constitutional and a heavy burden rests upon the challenger to establish unconstitutionality. Rabon v. City of Seattle, 135 Wash.2d 278, 287, 957 P.2d 621 (1998).
Petitioners were charged under SMC § 10.11.010(A), which provides: No person may wilfully use or threaten to use by purposeful words or acts unlawful physical force against the person of another. Thus, the mens rea under SMC § 10.11.010 differs from the mens rea for assault in the state statute. SMC § 10.11.011 uses the word wilfully, the state statute requires intent. See RCW 9A.36.011; RCW 9A.36.041. Plainly put, wilfully is the state of mind element of SMC § 10.11.010(A). Wilfully equates with knowingly. RCW 9A.08.010(4). Knowingly is a less serious form of mental culpability than intent. State v. Thomas, 98 Wash.App. 422, 425, 989 P.2d 612 (1999), review denied, 140 Wash.2d 1020, 5 P.3d 10 (2000).
While the term wilful has been given many meanings, our focus during construction, when necessary, is on the legislative context. State v. Bauer, 92 Wash.2d 162, 167, 595 P.2d 544 (1979). Although, wilful may connote an absence of excuse or justification, it often connotes an act that is voluntary or knowing. Id. The Bauer court reasoned the latter connotation was consistent with the Legislature's then recent definition of the term: Pursuant to RCW 9A.08.010 the requirement of wilfulness is satisfied if a person acts knowingly with respect to the material elements of the offense. Id. at 168, 595 P.2d 544. Accordingly, we conclude that *1099 in the context of the use or threatened use of unlawful physical force in SMC § 10.11.010(A), the use of the terms wilfully and knowingly are interchangeable.
Cases discussing ordinances and statutes that prohibit different acts are instructive. In Eze, our Supreme Court compared an ordinance and a state statute regarding disorderly bus conduct. The municipal ordinance provided:
A person is guilty of disorderly bus conduct if while on or in a transit coach of the Metro Transit System, and with knowledge that such conduct is prohibited, he or she:
....
F. Unreasonably disturbs others by engaging in loud or raucous behavior.
Seattle Municipal Code 12A.12.040(F) (emphasis added). In comparison, the state statute provides:
A person is guilty of unlawful bus conduct if while on or in a municipal transit vehicle as defined by RCW 46.04.355 or in or at a municipal transit station and with knowledge that such conduct is prohibited, he or she:
....
(f) Intentionally obstructs or impedes the flow of municipal transit vehicles or passenger traffic, hinders or prevents access to municipal transit vehicles or stations, or otherwise unlawfully interferes with the provision or use of public transportation services.
RCW 9.91.025(1)(f) (emphasis added).
The Court held that the ordinance did not conflict with the statute, reasoning that [n]either the ordinance nor the statute expressly license, authorize or require any conduct at all; they merely differ in terms of the scope of their prohibitions. Eze, 111 Wash.2d at 33-34, 759 P.2d 366.
Similarly, SMC § 10.11.010 does not attempt to authorize what the Legislature has forbidden; nor does it forbid what the Legislature has expressly licensed, authorized, or required. The ordinance merely differs from the state statute in the scope of the required mental culpability. `Unless legislative provisions are contradictory in the sense that they cannot coexist, they are not to be deemed inconsistent because of mere lack of uniformity in detail.' Eze, 111 Wash.2d at 33, 759 P.2d 366 (quoting Schampera, 57 Wash.2d at 111, 356 P.2d 292). Further, it cannot be said the lesser mens rea in SMC § 10 .11.010 declares something to be right which the state law declares to be wrong, or vice versa. City of Seattle v. Taylor, 50 Wash.App. 384, 385, 748 P.2d 693 (1988). Thus, we conclude the petitioners have not overcome the heavy burden to establish unconstitutionality. See Rabon, 135 Wash.2d at 287, 957 P.2d 621. Accordingly, we hold SMC § 10.11.010 does not unconstitutionally conflict with state law. It follows that the trial court did not err in instructing the jury under SMC § 10.11.010.
As a side note, petitioners first argue in their reply brief that SMC § 10.11.010 is unconstitutional because the state enactment preempts the field. A reply brief is generally not the proper forum to address new issues because the respondent does not get an opportunity to address the newly raised issues. RAP 10.3(c); Dykstra v. Skagit County, 97 Wash.App. 670, 676, 985 P.2d 424 (1999), review denied, 140 Wash.2d 1016, 5 P.3d 8 (2000). In this case, the City briefly discussed preemption in a footnote, noting that the petitioners did not raise this issue. The petitioners then briefed the issue in their reply.
In any event, the petitioners' preemption argument fails. A municipal ordinance must yield to a state statute on the same subject if the statute preempts the field. City of Tacoma v. Luvene, 118 Wash.2d 826, 833, 827 P.2d 1374 (1992). Preemption occurs when the Legislature states its intention expressly, or by necessary implication, to preempt the field. Id. However, this court has previously determined that there is no legislative policy preempting local assault statutes. See City of Pasco v. Ross, 39 Wash.App. 480, 482, 694 P.2d 37 (1985) (`there is sufficient local concern with the subject of assault and battery so that is becomes a matter of mixed state and local concern') (quoting City of Aurora v. Martin, 181 Colo. 72, 74, 507 P.2d 868 (1973)). Accordingly, *1100 we decide the Legislature has not preempted the field.

B. Assault Instructions
The issue is whether the trial court erred in instructing the jury regarding the definitions of assault, including the definition contained in SMC § 10.11.010(A), and concluding that the evidence supported instructing on reasonable apprehension and imminent fear of bodily injury.
The trial court instructed the jury on alternative definitions of assault: (1) intentionally touching another person in a harmful or offensive manner regardless of whether any physical injury is done to the person; (2) intentionally creating in another reasonable apprehension and imminent fear of bodily injury; and (3) a willful use or threat to use by purposeful words or acts unlawful physical force against the person of another. First the petitioners, relying on their constitutional arguments above, contend it was error to give the third definition drawn from SMC § 10.11.010(A). Because we have concluded SMC § 10.11.010 is constitutional, their first contention fails.
Second, the petitioners argue insufficient evidence exists to support the second definition regarding reasonable apprehension and imminent fear of bodily injury. Implicitly they concede the evidence supports the first and third definitions. Additionally, by his own admission, Mr. Simon did not object to the jury instruction in question. The definition of assault is not an element of the crime and therefore must specifically be challenged for error to be preserved. State v. Daniels, 87 Wash.App. 149, 156, 940 P.2d 690 (1997). Since Mr. Simon did not challenge this instruction, his argument is waived. Moreover, his failure to take exception makes the instruction the law of the case even if added elements are present. State v. Guzman, 98 Wash.App. 638, 990 P.2d 464, review denied, 140 Wash.2d 1023, 10 P.3d 406 (2000).
Regarding Mr. White and Mr. Deno's arguments, in an alternative means case, where a single offense may be committed in more than one way, jury unanimity must exist to support a guilty verdict when a single crime is charged. State v. Bland, 71 Wash.App. 345, 353, 860 P.2d 1046 (1993) (citing State v. Kitchen, 110 Wash.2d 403, 410, 756 P.2d 105 (1988)). Unanimity is not required, however, as to the means by which the crime was committed so long as substantial evidence supports each alternative means. Id. Thus, we must determine if sufficient evidence exists to support the reasonable apprehension and imminent fear instruction.
A claim of insufficient evidence admits the truth of the State's evidence and all inferences that can be reasonably drawn therefrom. Bland, 71 Wash.App. at 359, 860 P.2d 1046. In determining whether sufficient evidence supports a conviction, the standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt. State v. Rempel, 114 Wash.2d 77, 82, 785 P.2d 1134 (1990). Under this standard, we resolve all inferences in favor of the City. State v. Smith, 104 Wash.2d 497, 507, 707 P.2d 1306 (1985).
Mr. White and Mr. Deno contend insufficient evidence exists to support the second alternative definition of assault because the evidence did not prove that the victims experienced fear of future harm as a result of Mr. White and Mr. Deno's actions. However, in Mr. White's record testimony indicates Mr. White threatened to kill and bury Mrs. White in the backyard. In the Deno case, a neighbor saw Mr. Deno, after angrily shoving Ms. Ashar, raise his fist in the air toward her in a threatening manner as she went into the house. Yelling and screaming ensued. Based on review of the record in a light most favorable to the City, a rational trier of fact could have concluded that Mr. White and Mr. Deno intended to cause reasonable apprehension and imminent fear through their actions. Thus, we conclude that the evidence is sufficient in each case to support the alternative means instruction on assault.
Affirmed.
*1101 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
SWEENEY, J., and KATO, J., concur.